# Supreme Court of Florida

---

No. SC2024-1471

---

**IN RE: AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE 3.220, 3.851, AND 3.853.**

April 10, 2025

PER CURIAM.

The Florida Bar's Criminal Procedure Rules Committee filed a report proposing amendments to Florida Rules of Criminal Procedure 3.220 (Discovery), 3.851 (Collateral Relief After Death Sentence Has Been Imposed and Affirmed on Direct Appeal), and 3.853 (Motion for Postconviction DNA Testing).[1] The Florida Bar's Board of Governors unanimously approved the proposed amendments. The Court published the proposal, and no comments were received.

We amend rules 3.220, 3.851, and 3.853 as proposed by the Committee. The more significant changes are discussed below.

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

Additional changes are made throughout the rule in accord with *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Fla. Oct. 24, 2022).

We amend rule 3.220(h)(5) to note that if a law enforcement agency agrees to electronic service of deposition notices, the agency must designate the e-mail address for the agency liaison that will accept such service. For rule 3.851(i)(11), the subdivision is reworded to require appointment of collateral counsel if counsel was discharged before May 5, 2022, rather than requiring counsel to be appointed within 30 days of May 5, 2022, to cover any potential cases where counsel has not yet been reappointed. *See In re Amends. to Fla. Rule of Crim. Proc. 3.851 & Fla. Rule of App. Proc. 9.142*, 351 So. 3d 574, 575-76 (Fla. 2022) (noting that "the only basis for a capital defendant to seek to discharge postconviction counsel in state court is pursuant to statute due to an actual conflict of interest" and requiring appointment of counsel in cases where counsel was previously waived). In rules 3.851(f)(2) and 3.853(c), the reference to delivering motions to the judge is replaced with a requirement that the clerk notify the judge of the motion having been filed.

The Court hereby amends the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type.  The amendments to the rules shall become effective July 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Hon. Laura E. Ward, Chair, Criminal Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 3.220.    DISCOVERY

**(a) – (g)**    [No Change]

**(h)    Discovery Depositions.**

(1)    *Generally.* At any time after the filing of the charging document, any party may take the deposition on oral examination of any person authorized by this rule. A party taking a deposition must give reasonable written notice to each other party and make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice must state the time and the location where the deposition is to be taken, the name of each person to be examined, and a certificate of counsel that a good faith effort was made to coordinate the deposition schedule. Unless a provision of this rule conflicts with the Florida Rules of Civil Procedure, the procedure for taking the deposition, including the scope of the examination, and the issuance of a subpoena for deposition by an attorney of record in the action, is the same as that provided in the Florida Rules of Civil Procedure and section 48.031, Florida Statutes. To protect deponents and the rights of the parties and to ensure compliance with statutes, the court may enter orders, including but not limited to the orders allowed by rule 3.220(e) and (*l*), on motion of a party, the deponent, or on its own motion, for good cause shown. Any deposition taken under this rule may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. The trial court or the clerk of the court may, on application by a pro se litigant or the attorney for any party, issue subpoenas for the persons whose depositions are to be taken. In any case, including multiple defendants or consolidated cases, no person may be deposed more than once except by consent of the parties or by order of the court issued on good cause shown. A witness who refuses to obey a duly served subpoena may be adjudged in contempt of the court from which the subpoena issued.

(A)    [No Change]

(B)    No party may take the deposition of a witness listed by the prosecutor as a Category B witness except ~~upon~~ leave of court with good cause shown. In determining whether to allow a deposition, the court should consider the consequences to the defendant, the complexities of the issues involved, the complexity of the testimony of the witness (e.g., experts), and the other opportunities available to the defendant to discover the information sought by deposition.

(C) – (D)    [No Change]

(2) – (3)    [No Change]

(4)    *Visual Recording and Photographs.* For deponents 18 years of age or older, a discovery deposition must not be visually recorded unless ordered by the court for good cause shown or ~~upon~~ the consent of the parties and the deponent. For deponents less than 18 years of age, a discovery deposition must be audio-visually recorded unless otherwise ordered by the court. No deponent may be photographed during a discovery deposition.

(5)    *Depositions of Law Enforcement Officers.* Subject to the general provisions of subdivision (h)(1), law enforcement officers must appear for deposition, without subpoena, on written notice of taking deposition delivered at the physical address of the law enforcement agency or department, or ~~an~~the e-mail or other address designated by the law enforcement agency or department, ~~5~~7 days before the date of the deposition. For the purposes of this subdivision, if a law enforcement agency agrees to accept written notice by e-mail, each law enforcement agency must designate e-mail addresses for agency liaisons that will accept electronic service of deposition notices on behalf of the agency's employees. Any physical address or e-mail address designated by a law enforcement agency or department for service of notice of deposition must be provided by the prosecuting attorney with discovery. Law enforcement officers who fail to appear for deposition after being served notice as required by the rule may be adjudged in contempt of court.

(6) – (8)    [No Change]

**(i) – (o)**    [No Change]

## Committee Notes

[No Change]

## Court Commentary

[No Change]

**RULE 3.851.    COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL**

**(a)    Scope.** This rule ~~shall apply~~applies to all postconviction proceedings that commence ~~up~~on issuance of the appellate mandate affirming the death sentence to include all motions and petitions for any type of postconviction or collateral relief brought by a defendant in state custody who has been sentenced to death and whose conviction and death sentence have been affirmed on direct appeal. It ~~shall apply~~applies to all postconviction motions filed on or after January 1, 2015, by defendants who are under sentence of death. Motions pending on that date are governed by the version of this rule in effect immediately prior to that date.

**(b)    Appointment of Postconviction Counsel.**

(1)    ~~Upon~~On the issuance of the mandate affirming a judgment and sentence of death on direct appeal, the Supreme Court of Florida ~~shall~~must at the same time issue an order appointing the appropriate office of the Capital Collateral Regional Counsel or directing the trial court to immediately appoint counsel from the Registry of Attorneys maintained by the Justice Administrative Commission. The name of Registry Counsel ~~shall~~must be filed with the Supreme Court of Florida.

(2)     Within 30 days of the issuance of the mandate, the Capital Collateral Regional Counsel or Registry Counsel shallmust file either a notice of appearance or a motion to withdraw in the trial court. Motions to withdraw filed more than 30 days after the issuance of the mandate shallmust not be entertained unless based on a specific conflict of interest as set forth in section 27.703, Florida Statutes.

(3)     Within 15 days after Capital Collateral Regional Counsel or Registry Counsel files a motion to withdraw, the chief judge or assigned judge shallmust rule on the motion and appoint new postconviction counsel if necessary. The appointment of new collateral counsel shallmust be from the Registry of attorneys maintained by the Justice Administrative Commission unless the case is administratively transferred to another Capital Collateral Regional Counsel.

(4)     In every capital postconviction case, one lawyer shallmust be designated as lead counsel for the defendant. The lead counsel shallmust be the defendant's primary lawyer in all state court litigation. No lead counsel shall beis permitted to appear for a limited purpose on behalf of a defendant in a capital postconviction proceeding.

(5)     After the filing of a notice of appearance, Capital Collateral Regional Counsel, Registry Counsel, or a private attorney shallmust represent the defendant in the state courts until a judge allows withdrawal or until the sentence is reversed, reduced, or carried out, regardless of whether another attorney represents the defendant in a federal court.

(6)     A defendant who has been sentenced to death may not represent himself or herself in a capital postconviction proceeding in state court. The only basis for a defendant who has been sentenced to death to seek to discharge postconviction counsel in state court must be pursuant to statute due to an actual conflict of interest. UponOn a determination of an actual conflict of interest, conflict-free counsel must be appointed pursuant to statute.

**(c)     Preliminary Procedures.**

(1) – (2)    [No Change]

(3)    *Defendant's Presence Not Required.* The defendant's presence ~~shall~~must not be required at any hearing or conference held under this rule, except at the evidentiary hearing on the merits of any claim and at any hearing involving conflict with or removal of collateral counsel.

(4)    *Duties of Defense Counsel.* Within 45 days of appointment of postconviction counsel, the defendant's trial counsel ~~shall~~must provide to postconviction counsel a copy of the original file including all work product not otherwise subject to a protective order and information pertaining to the defendant's capital case which was created and obtained during the representation of the defendant. Postconviction counsel ~~shall~~must maintain the confidentiality of all confidential information received. Postconviction counsel ~~shall~~must bear the costs of any copying. The defendant's trial counsel must retain the defendant's original file.

(5)    *Record on Direct Appeal.* The Clerk of the Circuit Court ~~shall~~must retain a copy of the record for the direct appeal when the record is transmitted to the Supreme Court of Florida. The Clerk of the Supreme Court of Florida ~~shall~~must promptly deliver the record on appeal to the records repository within 30 days after the appointment of postconviction counsel.

**(d)    Time Limitation.**

(1)    Any motion to vacate judgment of conviction and sentence of death ~~shall~~must be filed by the defendant within 1 year after the judgment and sentence become final. For the purposes of this rule, a judgment is final:

(A) – (B)    [No Change]

(2)    No motion ~~shall~~may be filed or considered ~~pursuant to~~under this rule if filed beyond the time limitation provided in subdivision (d)(1) unless it alleges:

(A) – (C)    [No Change]

(3)     All petitions for extraordinary relief in which the Supreme Court of Florida has original jurisdiction, including petitions for writs of habeas corpus, ~~shall~~must be filed simultaneously with the initial brief filed on behalf of the death-sentenced defendant in the appeal of the circuit court's order on the initial motion for postconviction relief filed under this rule.

(4) – (5)     [No Change]

**(e)     Contents of Motion.**

(1)     *Initial Motion.* A motion filed under this rule is an initial postconviction motion if no state court has previously ruled on a postconviction motion challenging the same judgment and sentence. An initial motion and memorandum of law filed under this rule ~~shall~~must not exceed 75 pages exclusive of the attachments. Each claim or subclaim ~~shall~~must be separately pled and ~~shall be~~ sequentially numbered beginning with claim number 1. If ~~upon~~ motion or ~~upon~~ the court's own motion, a judge determines that this portion of the rule has not been followed, the judge ~~shall~~must give the movant 30 days to amend. If no amended motion is filed, the judge ~~shall~~must deem the non-compliant claim, subclaim, and/or argument waived. Attachments ~~shall~~must include, but are not limited to, the judgment and sentence. The memorandum of law ~~shall~~must set forth the applicable case law supporting the granting of relief as to each separately pled claim. This rule does not authorize relief based ~~upon~~ claims that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence. If claims that were raised on appeal or should have or could have been raised on appeal are contained in the motion, the memorandum of law ~~shall~~must contain a brief statement explaining why these claims are being raised on postconviction relief. The motion need not be under oath or signed by the defendant but ~~shall~~must include:

(A) – (F)     [No Change]

(2)     *Successive Motion.* A motion filed under this rule is successive if a state court has previously ruled on a postconviction motion challenging the same judgment and sentence. A claim raised

- 9 -

in a successive motion ~~shall~~<u>must</u> be dismissed if the trial court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits; or, if new and different grounds are alleged, the trial court finds that the failure to assert those grounds in a prior motion constituted an abuse of the procedure; or, if the trial court finds there was no good cause for failing to assert those grounds in a prior motion; or, if the trial court finds the claim fails to meet the time limitation exceptions set forth in subdivision (d)(2)(A), (d)(2)(B), or (d)(2)(C).

A successive motion ~~shall~~<u>must</u> not exceed 25 pages, exclusive of attachments, and ~~shall~~<u>must</u> include:

(A) – (B)     [No Change]

(C)    if based ~~up~~on newly discovered evidence, *Brady v. Maryland,* 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972), the following:

(i) – (iv)     [No Change]

**(f)    Procedure; Evidentiary Hearing; Disposition.**

(1)    *Filing and Service.* All pleadings in the postconviction proceeding ~~shall~~<u>must</u> be filed with the clerk of the trial court and served on the assigned judge, opposing party, and the attorney general. ~~Upon the filing of any original court document in the postconviction proceeding, the clerk of the trial court shall determine that the assigned judge has received a copy.~~ All motions other than the postconviction motion itself ~~shall~~<u>must</u> be accompanied by a notice of hearing.

(2)    *Duty of Clerk.* <u>The clerk must immediately notify</u> ~~A motion filed under this rule shall be immediately delivered to~~ the chief judge or the assigned judge <u>of a motion filed under this rule.</u> ~~along with the court file.~~

(3)    *Answer.*

- 10 -

(A)    Answer to the Initial Motion. Within 60 days of the filing of an initial motion, the state ~~shall~~must file its answer. The answer and accompanying memorandum of law ~~shall~~must not exceed 75 pages, exclusive of attachments and exhibits. The answer ~~shall~~must address the legal insufficiency of any claim in the motion, respond to the allegations of the motion, and address any procedural bars. The answer ~~shall~~must use the same claim numbering system contained in the defendant's initial motion. As to any claims of legal insufficiency or procedural bar, the state ~~shall~~must include a short statement of any applicable case law.

(B)    Answer to a Successive Motion. Within 20 days of the filing of a successive motion, the state ~~shall~~must file its answer. The answer ~~shall~~must not exceed 25 pages, exclusive of attachments and exhibits. The answer ~~shall~~must use the same claim numbering system contained in the defendant's motion. The answer ~~shall~~must specifically respond to each claim in the motion and state the reason(s) that an evidentiary hearing is or is not required.

(4)    *Amendments.* A motion filed under this rule may not be amended unless good cause is shown. A copy of the claim sought to be added must be attached to the motion to amend. The trial court may in its discretion grant a motion to amend provided that the motion to amend was filed at least 45 days before the scheduled evidentiary hearing. Granting a motion under this subdivision ~~shall~~must not be a basis for granting a continuance of the evidentiary hearing unless a manifest injustice would occur if a continuance was not granted. If amendment is allowed, the state ~~shall~~must file an amended answer within 20 days after the judge allows the motion to be amended.

(5)    *Case Management Conference; Evidentiary Hearing.*

(A)    Initial Postconviction Motion. No later than 90 days after the state files its answer to an initial motion, the trial court ~~shall~~must hold a case management conference. At the case management conference, the defendant ~~shall~~must disclose all documentary exhibits that he or she intends to offer at the evidentiary hearing and ~~shall~~must file and serve an exhibit list of all

such exhibits and a witness list with the names and addresses of any potential witnesses. All expert witnesses ~~shall~~must be specifically designated on the witness list and copies of all expert reports ~~shall~~must be attached. Within 60 days after the case management conference, the state ~~shall~~must disclose all documentary exhibits that it intends to offer at the evidentiary hearing and ~~shall~~must file and serve an exhibit list of all such exhibits and a witness list with the names and addresses of any potential witnesses. All expert witnesses ~~shall~~must be specifically designated on the witness list and copies of all expert reports ~~shall~~must be attached. At the case management conference, the trial court ~~shall~~must:

(i) – (iii)    [No Change]

(B)    Successive Postconviction Motion. Within 30 days after the state files its answer to a successive motion for postconviction relief, the trial court ~~shall~~must hold a case management conference. At the case management conference, the trial court also ~~shall~~must determine whether an evidentiary hearing should be held and hear argument on any purely legal claims not based on disputed facts. If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion may be denied without an evidentiary hearing. If the trial court determines that an evidentiary hearing should be held, the court ~~shall~~must schedule the hearing to be held within 90 days. If a death warrant has been signed, the trial court ~~shall~~must expedite these time periods in accordance with subdivision (h) of this rule.

(C)    [No Change]

(D)    Taking Testimony. ~~Upon~~On motion, or ~~upon~~ its own motion and without the consent of any party, the court may permit a witness to testify at the evidentiary hearing by contemporaneous audio-video communication technology that makes the witness visible to all parties during the testimony. There must be appropriate safeguards for the court to maintain sufficient control over the equipment and the transmission of the testimony so the court may stop the communication to accommodate objections or prevent prejudice. If testimony is taken through audio-

- 12 -

video communication technology, the oath must be administered in the manner provided by Florida Rule of General Practice and Judicial Administration 2.530(b)(2)(B). The cost for the use of audio-video communication technology is the responsibility of either the requesting party or, if ~~upon~~ its own motion, the court.

(E) Procedures After Evidentiary Hearing. Immediately following an evidentiary hearing, the trial court ~~shall~~must order a transcript of the hearing, which ~~shall~~must be filed within 10 days if real-time transcription was utilized, or within 45 days if real-time transcription was not utilized. The trial judge may permit written closing arguments instead of oral closing arguments. If the trial court permits the parties to submit written closing arguments, the arguments ~~shall~~must be filed by both parties within 30 days of the filing of the transcript of the hearing. No answer or reply arguments ~~shall be~~are allowed. Written arguments ~~shall~~must be in compliance with the requirements for briefs in rule 9.210(a)(1) and (a)(2), ~~shall~~must not exceed 60 pages without leave of court, and ~~shall~~must include proposed findings of facts and conclusions of law, with citations to authority and to appropriate portions of the transcript of the hearing.

(F) Rendition of the Order. If the court does not permit written closing arguments, the court ~~shall~~must render its order within 30 days of the filing of the transcript of the hearing. If the court permits written closing arguments, the court ~~shall~~must render its order within 30 days of the filing of the last written closing argument and no later than 60 days from the filing of the transcript of the hearing. The court ~~shall~~must rule on each claim considered at the evidentiary hearing and all other claims raised in the motion, making detailed findings of fact and conclusions of law with respect to each claim, and attaching or referencing such portions of the record as are necessary to allow for meaningful appellate review. The order issued after the evidentiary hearing ~~shall~~must resolve all the claims raised in the motion and ~~shall~~must be considered the final order for purposes of appeal. The clerk of the trial court ~~shall~~must promptly serve ~~upon~~ the parties and the attorney general a copy of the final order, with a certificate of service.

(6)     *Experts and Other Witnesses.* All expert witnesses who will testify at the evidentiary hearing must submit written reports, which ~~shall~~must be disclosed to opposing counsel as provided in subdivision (f)(5)(A). If the defendant intends to offer expert testimony of his or her mental status, the state ~~shall~~must be entitled to have the defendant examined by its own mental health expert. If the defendant fails to cooperate with the state's expert, the trial court may, in its discretion, proceed as provided in rule 3.202(e).

(7)     *Rehearing.* Motions for rehearing ~~shall~~must be filed within 15 days of the rendition of the trial court's order and a response thereto filed within 10 days thereafter. A motion for rehearing ~~shall~~must be based on a good faith belief that the court has overlooked a previously argued issue of fact or law or an argument based on a legal precedent or statute not available prior to the court's ruling. The trial court's order disposing of the motion for rehearing ~~shall~~must be rendered not later than 30 days from the filing of the motion for rehearing. If no order is filed within 30 days from the filing of the motion for rehearing, the motion is deemed denied. A motion for rehearing is not required to preserve any issue for review.

(8)     *Appeals.* Any party may appeal a final order entered on a defendant's motion for rule 3.851 relief by filing a notice of appeal with the clerk of the lower tribunal within 30 days of the rendition of the order to be reviewed. ~~Pursuant to~~Under the procedures outlined in Florida Rule of Appellate Procedure 9.142, a defendant under sentence of death may petition for a belated appeal.

**(g)     Incompetence to Proceed in Capital Collateral Proceedings.**

(1)     A death-sentenced defendant pursuing collateral relief under this rule who is found by the court to be mentally incompetent ~~shall~~must not be proceeded against if there are factual matters at issue, the development or resolution of which require the defendant's input. However, all collateral relief issues that involve only matters of record and claims that do not require the

defendant's input ~~shall~~must proceed in collateral proceedings notwithstanding the defendant's incompetency.

(2) – (3)    [No Change]

(4)    The motion for competency examination ~~shall~~must be in writing and ~~shall~~ allege with specificity the factual matters at issue and the reason that competent consultation with the defendant is necessary with respect to each factual matter specified. To the extent that it does not invade the lawyer-client privilege with collateral counsel, the motion ~~shall~~must contain a recital of the specific observations of, and conversations with, the death-sentenced defendant that have formed the basis of the motion.

(5)    If the court finds that there are reasonable grounds to believe that a death-sentenced defendant is incompetent to proceed in a postconviction proceeding in which factual matters are at issue, the development or resolution of which require the defendant's input, the court ~~shall~~must order the defendant examined by no more than 3, nor fewer than 2, experts before setting the matter for a hearing. The court may seek input from the death-sentenced defendant's counsel and the state attorney before appointment of the experts.

(6)    The order appointing experts ~~shall~~must:

(A) – (B)    [No Change]

(C)    specify the date by which the report ~~shall~~must be submitted and to whom it ~~shall~~must be submitted.

(7)    Counsel for both the death-sentenced defendant and the state may be present at the examination, which ~~shall~~must be conducted at a date and time convenient for all parties and the Department of Corrections.

(8)    On appointment by the court, the experts ~~shall~~must examine the death-sentenced defendant with respect to the issue of competence to proceed, as specified by the court in its order

appointing the experts to evaluate the defendant, and ~~shall~~<u>must</u> evaluate the defendant as ordered.

   (A) The experts first ~~shall~~<u>must</u> consider factors related to the issue of whether the death-sentenced defendant meets the criteria for competence to proceed, that is, whether the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the defendant has a rational as well as factual understanding of the pending collateral proceedings.

   (B) In considering the issue of competence to proceed, the experts ~~shall~~<u>must</u> consider and include in their report:

     (i) – (iii) [No Change]

   (C) Any written report submitted by an expert ~~shall~~<u>must</u>:

     (i) – (iv) [No Change]

  (9) If the experts find that the death-sentenced defendant is incompetent to proceed, the experts ~~shall~~<u>must</u> report on any recommended treatment for the defendant to attain competence to proceed. In considering the issues relating to treatment, the experts ~~shall~~<u>must</u> report on:

   (A) – (C) [No Change]

  (10) Within 30 days after the experts have completed their examinations of the death-sentenced defendant, the court ~~shall~~<u>must</u> schedule a hearing on the issue of the defendant's competence to proceed.

  (11) If, after a hearing, the court finds the defendant competent to proceed, or, after having found the defendant incompetent, finds that competency has been restored, the court ~~shall~~<u>must</u> enter its order so finding and ~~shall~~ proceed with a postconviction motion. The defendant ~~shall~~<u>must</u> have 60 days to

amend his or her rule 3.851 motion only as to those issues that the court found required factual consultation with counsel.

(12) If the court does not find the defendant incompetent, the order ~~shall~~<u>must</u> contain:

(A) –(C) [No Change]

(13) If the court finds the defendant incompetent or finds the defendant competent subject to the continuation of appropriate treatment, the court ~~shall~~<u>must</u> follow the procedures set forth in rule 3.212(c), except that, to the extent practicable, any treatment ~~shall~~<u>must</u> take place at a custodial facility under the direct supervision of the Department of Corrections.

**(h)    After Death Warrant Signed.**

(1)    [No Change]

(2)    *Calendar Advancement.* Proceedings after a death warrant has been issued ~~shall~~<u>must</u> take precedence over all other cases. The assigned judge ~~shall~~<u>must</u> make every effort to resolve scheduling conflicts with other cases including cancellation or rescheduling of hearings or trials and requesting senior judge assistance.

(3)    *Schedule of Proceedings.* The time limitations in this rule ~~shall~~<u>do</u> not apply after a death warrant has been signed. All motions ~~shall~~<u>must</u> be heard expeditiously considering the time limitations set by the date of execution and the time required for appellate review.

(4)    *Location of Hearings.* The location of hearings after a death warrant is signed ~~shall~~<u>must</u> be determined by the trial judge considering the availability of witnesses or evidence, the security problems involved in the case, and any other factor determined by the trial court.

(5)    *Postconviction Motions.* All motions filed after a death warrant is issued ~~shall~~<u>must</u> be considered successive

motions and subject to the content requirement of subdivision (e)(2) of this rule.

(6) *Case Management Conference.* The assigned judge ~~shall~~must schedule a case management conference as soon as reasonably possible after receiving notification that a death warrant has been signed. During the case management conference the court ~~shall~~must set a time for filing a postconviction motion and ~~shall~~must schedule a hearing to determine whether an evidentiary hearing should be held and hear argument on any purely legal claims not based on disputed facts. If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion may be denied without an evidentiary hearing. If the trial court determines that an evidentiary hearing should be held, the court ~~shall~~must schedule the hearing to be held as soon as reasonably possible considering the time limitations set by the date of execution and the time required for appellate review.

(7) *Reporting.* The assigned judge ~~shall~~must require the proceedings conducted under death warrant to be reported using the most advanced and accurate technology available in general use at the location of the hearing. The proceedings ~~shall~~must be transcribed expeditiously considering the time limitations set by the execution date.

(8) *Procedures After Hearing.* The court ~~shall~~must obtain a transcript of all proceedings and ~~shall~~ render its order as soon as possible after the hearing is concluded. A copy of the final order ~~shall~~must be electronically transmitted to the Supreme Court of Florida and to the attorneys of record.

(9) *Transmittal of Record.* The record ~~shall~~must be immediately delivered to the clerk of the Supreme Court of Florida by the clerk of the trial court or as ordered by the assigned judge. The record ~~shall~~must also be electronically transmitted if the technology is available. A notice of appeal ~~shall not be~~is not required to transmit the record.

**(i)      Dismissal of Postconviction Proceedings.**

- 18 -

(1)    [No Change]

(2)    If the defendant files the motion pro se, the Clerk of the Court ~~shall~~must serve copies of the motion on counsel of record for both the defendant and the state. Counsel of record may file responses within 10 days.

(3)    The trial judge ~~shall~~must review the motion and the responses and schedule a hearing. The defendant, collateral counsel, and the state ~~shall~~must be present at the hearing.

(4)    The judge ~~shall~~must examine the defendant at the hearing and ~~shall~~ hear argument of the defendant, collateral counsel, and the state. No fewer than 2 or more than 3 qualified experts ~~shall~~must be appointed to examine the defendant if the judge concludes that there are reasonable grounds to believe the defendant is not mentally competent for purposes of this rule. The experts ~~shall~~must file reports with the court setting forth their findings. Thereafter, the court ~~shall~~must conduct an evidentiary hearing and enter an order setting forth findings of competency or incompetency.

(5)    If the defendant is found to be incompetent for purposes of this rule, the court ~~shall~~must deny the motion without prejudice.

(6) – (10)   [No Change]

(11)   For cases where counsel was ~~previously~~ discharged before May 5, 2022~~pursuant to this rule~~, collateral counsel eligible ~~pursuant to~~under rule 3.112 must be appointed ~~within thirty days of May 5, 2022~~.

**(j)    Attorney General Notification to Clerk.** The Office of the Attorney General ~~shall~~must notify the clerk of the supreme court when it believes the defendant has completed his or her direct appeal, initial postconviction proceeding in state court, and habeas corpus proceeding and appeal therefrom in federal court. The Office of the Attorney General ~~shall~~must serve a copy of the notification on defendant's counsel of record.

## Court Commentary

[No Change]

## Criminal Court Steering Committee Note

[No Change]

**RULE 3.853.   MOTION FOR POSTCONVICTION DNA TESTING**

**(a)**   [No Change]

**(b)**   **Contents of Motion.** The motion for postconviction DNA testing must be under oath and must include the following:

(1)   a statement of the facts relied ~~up~~on in support of the motion, including a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it originally was obtained;

(2) – (6)   [No Change]

**(c)**   **Procedure.**

(1)   ~~Upon~~On receipt of the motion, the clerk of the court ~~shall~~must notify ~~file it and deliver the court file to~~ the assigned judge.

(2)   The court ~~shall~~must review the motion and deny it if it is facially insufficient. If the motion is facially sufficient, the prosecuting authority ~~shall~~must be ordered to respond to the motion within 30 days or such other time as may be ordered by the court.

(3)   ~~Upon~~On receipt of the response of the prosecuting authority, the court ~~shall~~must review the response and enter an order on the merits of the motion or set the motion for hearing.

(4)     In the event that the motion ~~shall~~must proceed to a hearing, the court may appoint counsel to assist the movant if the court determines that assistance of counsel is necessary and ~~upon~~ a determination of indigency ~~pursuant to~~under section 27.52, Florida Statutes.

(5)     The court ~~shall~~must make the following findings when ruling on the motion:

(A) – (C)     [No Change]

(6)     If the court orders DNA testing of the physical evidence, the cost of the testing may be assessed against the movant, unless the movant is indigent. If the movant is indigent, the state ~~shall~~must bear the cost of the DNA testing ordered by the court.

(7)     The court-ordered DNA testing ~~shall~~must be ordered to be conducted by the Department of Law Enforcement or its designee, as provided by statute. However, the court, ~~upon~~ a showing of good cause, may order testing by another laboratory or agency certified by the American Society of Crime Laboratory Directors/Laboratory Accreditation Board (ASCLD/LAB) or Forensic Quality Services, Inc. (FQS) if requested by a movant who can bear the cost of such testing.

(8)     The results of the DNA testing ordered by the court ~~shall~~must be provided in writing to the court, the movant, and the prosecuting authority.

**(d)**     [No Change]

**(e)     Rehearing.** The movant may file a motion for rehearing of any order denying relief within 15 days after service of the order denying relief. The time for filing an appeal ~~shall~~must be tolled until an order on the motion for rehearing has been entered.

**(f)**     [No Change]